IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                          ) | 02: 05cr0049 |
| ) | |
| BRIAN RAMSEY                     ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

August 3, 2006

Before the Court for disposition is the MOTION FOR JUDGMENT OF ACQUITTAL/TO SET ASIDE THE VERDICT AND ENTER A JUDGMENT OF ACQUITTAL AS TO COUNT I filed by Defendant, Brian Ramsey, and the ANSWER TO POST-TRIAL MOTION FOR JUDGMENT OF ACQUITTAL filed by the government.

After careful consideration of the motion, the relevant case law, and the record as a whole, the Court will deny the motion.

**Background**

On August 24, 2005, a superseding indictment was filed against Brian Ramsey in which he was charged with one count of participating in a racketeering enterprise ("RICO") in violation of 18 U.S.C. § 1962(c) (Count 1); one count of RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 2); eight counts of mail fraud, in violation of 18 U.S.C. § 1341, 1346 and 2 (Counts 3 -10); and three counts of filing a false income tax return, in violation of 26 U.S.C. § 7206(1) (Counts 11-13).

A jury trial commenced on May 9, 2006. On May 30, 2006, the jury rendered a unanimous verdict and Defendant was found guilty on Counts 1, 2, 3, 4, 5, 6, 7, 11, 12, and 13 and not guilty on Counts 8, 9, and 10 of the superseding indictment.

The Defendant has filed a timely motion for judgment of acquittal/to set aside the verdict as to Count 1 of the superseding indictment, participating in a racketeering enterprise. The Defendant contends that the jury's finding that only two separate predicate acts were proven beyond a reasonable doubt, which spanned "little more than a two (2) month time period" is "obviously insufficient" as a matter of law "to satisfy the pattern of racketeering activity requirement." Thus, Defendant requests that the Court enter a judgment of acquittal as to Count I.  Def's Mot. at ¶ 3(f).[1]

The government responds that Defendant's motion should be denied as the "pattern requirement" required under RICO "lacks any specific chronological component, and may be fully satisfied by related acts that, as here, reveal a 'threat' of continuity, not only actual continuity." Govt's Answer at unnumbered 1.

---

[1] The superseding indictment charged Defendant with sixty-two (62) separate racketeering predicate acts, covering the period from October 1995 through May 2000. The jury found, however, that only the following two racketeering predicate acts were proven beyond a reasonable doubt:

> Racketeering Act Number 9 - on or about December 18, 1996, funds in amount of $2,000 paid by LaMarca check no. 7494; and
>
> Racketeering Act Number 10- on or about February 26, 1997, funds in amount of $2,000 paid by LaMarca check no. 7637.

Verdict Slip, Document No. 45.

**Discussion**

Title 18, United States Code, section 1962(c) makes it unlawful for:

> any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). "To establish a § 1962(c) RICO violation, the government must prove the following four elements: '(1) the existence of an enterprise affecting interstate commerce; (2) that the defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that he or she participated through a pattern of racketeering activity.' " *United States v. Urban*, 404 F.3d 754 (3d Cir. 2005) (quoting *United States v. Irizarry*, 341 F.3d 273, 285 (3d Cir. 2003)). Defendant argues that Count I of the superseding indictment should be dismissed because the jury failed to find sufficient facts to prove a necessary element of a § 1962(c) violation, *to wit*, a pattern of racketeering activity.

Section 1962(a) defines "racketeering activity" as an act chargeable under any of the individual state and federal crimes listed in § 1961(1). To have a "<u>pattern</u> of racketeering activity" there must be at least two acts of racketeering activity. 18 U.S.C. § 1961(5) (emphasis added).

In *H.J. Inc. v. Northwestern Bell Telephone Co.*, the United States Supreme Court enunciated a two-prong test of the pattern requirement:

3

> [T]o prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are <u>related, and that they amount to or pose a threat of continued criminal activity</u>.

*H. J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 239 (1989) (emphasis added). The Supreme Court noted that "Congress intended to take a flexible approach" to defining a pattern of racketeering activity, and "envisaged that a pattern might be demonstrated by reference to a range of difference ordering principles or relationships between predicates." *Id.* "It is . . . the relationship that [predicates] . . . bear to each other or to some external organizing principle that renders them [a pattern]." *Id.*

"Relatedness" and "continuity" are "distinct requirements" that must be satisfied in order to establish a RICO "pattern of racketeering activity," "though in practice their proof will often overlap." *Id*. at 239. Both prongs of the RICO's pattern test are at issue in the matter sub judice.

    A.    <u>The Relationship Prong</u>

The "relationship" prong focuses "on the inter-relationship of charged RICO predicates. The relationship requirement exists to ensure that RICO is not used to penalize a series of disconnected criminal acts." *United States v. Eufrasio*, 935 F.2d 553, 565 (3d Cir. 1991). "A pattern is not formed by 'sporadic activity,'" . . . and a person cannot 'be subjected . . . to [RICO] sanctions . . . simply for committing two widely separated and isolated criminal offenses.' " *Eufrasio,* 935 F.2d at 565 (*quoting H.J. Inc.,* 494 U.S. at 239).

4

Predicate acts are related if the acts have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events. *Tabas v. Tabas,* 47 F.3d 1280, 1292 (3d Cir.), *cert. denied*, 515 U.S. 1118 (1995) *(quoting H. J., Inc.,* 492 U.S. at 240).

The undisputed evidence presented by the government at the trial of this case demonstrated that the two racketeering predicate acts which the jury found to have been proven beyond a reasonable doubt were neither isolated nor unrelated. Both acts constituted receipt by the Defendant of bribes from Thomas and Susan Burtoft, pursuant to a deal that Thomas Burtoft testified originated in 1995 to enable the LaMarca Corporation to retain its status as the painting contractor at the Allegheny Power renovation project in exchange for bribes to Defendant. The bribes were funded by false billings to Allegheny Power which Defendant authorized and approved.

Therefore, the Court finds and rules that the relationship prong of the RICO "pattern of racketeering activity" has been met.

B.      The Continuity Prong

Under the continuity prong, the government must show that the "predicates themselves amount to, or that they otherwise constitute a threat of, continuing racketeering activity." *H.J. Inc.*, 492 U.S. at 240. In describing the concept, the United States Supreme Court offered the following:

5

> 'Continuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition. It is, in either case, centrally a temporal concept-and particularly so in the RICO context, where what must be continuous, RICO's predicate acts or offenses, and the relationship these predicates must bear one to another, are distinct requirements.

*H.J. Inc.,* 492 U.S. at 241 (citation omitted).

The government may establish continuity as a closed-ended concept by "proving a series of related predicates extending over a substantial period of time." *Tabas*, 47 F.3d at 1292 (*citing H.J. Inc.*, 492 U.S. at 242). Although the Supreme Court has not explicitly defined what length of time qualifies as "substantial," it has stated that "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *H.J. Inc.*, 492 U.S. at 241. Moreover, the Court of Appeals for the Third Circuit has held that "conduct lasting no more than twelve months d[oes] not meet the standard for closed-ended continuity." *Tabas*, 47 F.3d at 1293 (citing numerous Third Circuit cases for same proposition) (citations omitted)

The two racketeering predicate acts found by the jury to have been proven beyond a reasonable doubt involved conduct which occurred on or about December 18, 1996 (racketeering act number 9) and on or about February 26, 1997 (racketeering act number 10). Clearly, these two specific acts which extended over only a two-month period do not meet the above-described standard for closed-ended continuity.

However, this does not end the analysis as the Court must now determine whether the two predicate racketeering acts at issue meet the standard for open-ended continuity.

6

To satisfy the standard for open-ended continuity, the government need not show that the predicates extended over a substantial period of time but must show that there was a threat of continuing criminal activity beyond the period during which the predicate acts were performed.  The open-ended concept of continuity refers to "conduct that by its very nature projects into the future with a threat of repetition." *Tabas*, 47 F.3d at 1292; *see also H.J. Inc.,* 492 U.S. at 242 (noting that the continuity prong may still be met if the government can prove a threat of continued racketeering activity). "Whether the predicate acts constitute a threat of continued racketeering activity depends on 'the specific facts of each case." ' *Tabas*, 47 F.3d at 1296 (quoting H.J. Inc., 492 U.S. at 242).   "Open-ended continuity may be satisfied 'where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business . . . or of conducting or participating in an ongoing and legitimate RICO "enterprise."'" *Tabas*, 47 F.3d at 1296 (*quoting H.J. Inc.,* 492 U.S. at 242-43).

> Though the number of related predicates involved may be small and they
> may occur close together in time, the racketeering acts themselves include
> a specific threat of repetition extending indefinitely into the future, and
> thus supply the requisite threat of continuity.  In other cases, the threat of
> continuity may be established by showing that the predicate acts or
> offenses are part of an ongoing entity's regular way of doing business.
> Thus, the threat of continuity is sufficiently established where the
> predicates can be attributed to a defendant operating as part of a long-term
> association that exists for criminal purposes.. . . The continuity
> requirement is likewise satisfied where it is shown that the predicates are a
> regular way of conducting defendant's ongoing legitimate business (in the
> sense that it is not a business that exists for criminal purposes), or of
> conducting or participating in an ongoing and legitimate RICO
> "enterprise."

*H.J. Inc.*, 429 U.S. at 243.

The Court finds and rules that the uncontroverted evidence presented at trial demonstrated that the "deal" between Defendant and the Burtofts carried an obvious threat of continuity as LaMarca successfully retained its status as the painting contractor for Allegheny Power and operated pursuant to this deal with Defendant continuously from 1995 through 2000, until the criminal investigation was revealed through the execution of search warrants upon the Burtofts in April 2000.

Further, the testimony of the Burtofts and their employees was replete with descriptions of the settled practice of false billings approved by Defendant and bribes paid to Defendant throughout the 1995 - 2000 time period.

For the foregoing reasons, the Court finds and rules that the continuity prong of the RICO "pattern of racketeering activity" has been met.

### Conclusion

For the reasons discussed *supra,* the Court finds that the two separate racketeering predicate acts found by the jury to have been proven beyond a reasonable doubt are sufficient to satisfy the RICO "pattern of racketeering activity" requirement. Accordingly, the Motion for Judgment of Acquittal/to Set Aside the Verdict and Enter a Judgment of Acquittal as to Count I will be denied.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 05cr0049 |
| | ) | |
| BRIAN RAMSEY | ) | |

**ORDER OF COURT**

AND NOW, this 3rd day of August, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION FOR JUDGMENT OF ACQUITTAL/TO SET ASIDE THE VERDICT AND ENTER A JUDGMENT OF ACQUITTAL AS TO COUNT I filed by Defendant, Brian Ramsey, is **DENIED.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:     James Y. Garrett,
        Assistant U.S. Attorney
        Email: james.garrett@usdoj.gov

        Charles J. Porter, Jr., Esquire
        Email: Cjporterjr@aol.com